UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> LAPORTE COUNTY SUPERIOR COURT NO 1, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-758-RLM-MGG |

OPINION AND ORDER

Edward Williams, a prisoner without a lawyer, filed a complaint seeking monetary damages for an alleged violation of his constitutional rights. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Williams alleges that Judge Jamie Oss and Prosecutor Elizabeth A. Boehm deprived him of his right to a speedy trial. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable

cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Mr. Williams can't proceed against Judge Jamie Oss or Prosecutor Elizabeth A. Boehm.

Mr. Williams has also sued Attorney David K. Payne, an attorney who represented him in his criminal case. Mr. Williams was disappointed in Mr. Payne's representation, disagreed with him regarding the timing of trial, and feels that Mr. Williams deprived him of a right to a speedy trial. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The actions of a criminal defense attorney, even an appointed public defender, aren't fairly attributable to the State and the attorney isn't acting under color of state law. Polk County v. Dodson, 454

2

U.S. 312, 325 (1981). Mr. Williams can't state a claim upon which relief can be granted against defense attorney David K. Payne.

The complaint also appears to list the LaPorte County Superior Court No. 1 as a defendant, although a cover letter from Mr. Williams suggests he didn't intend to sue the court. Regardless, local government liability under 42 U.S.C. § 1983 is dependent on an analysis of state law, and under Indiana law a superior court isn't an entity with the capacity to sue or be sued. *See* IND. CODE § 36-1-2-10; Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, this is such a case.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on September 14, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT